IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK HOWARD CRAVER,

    Petitioner,                   No. CIV S 05-1108 DFL PAN P

  vs.

DIRECTOR OF CORRECTIONS,

    Respondents,                  ORDER

_____/

        When he commenced this action, petitioner was a state prisoner without counsel. He seeks a writ of habeas corpus. See 28 U.S.C. § 2254. He claims respondents violated his right to due process in determining his custody classification.

        The issues in a federal case must remain live throughout all stages of the proceeding. Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). An action becomes moot when the issues are no longer live, viz., when the parties lack a legally cognizable interest in the outcome. Powell v. McCormack, 395 U.S. 486, 496 (1969). The only exception to the bar to a federal court hearing a moot action is when the case is capable of repetition yet evading review. Spencer v. Kemna, 523 U.S. 1, 17 (1998). This exception is satisfied by showing (1) the challenged action is of such short duration that it cannot be fully litigated before cessation;

////

1  and (2) there is a reasonable expectation that the same complaining party will be subject to the
2  same action again.  Id. at 17.
3        On January 17, 2006, petitioner notified the court of his new address at a
4  residence.  It appears he has been released and the court cannot grant effective relief.
5        Accordingly, IT IS HEREBY ORDERED that:
6        1. Petitioner has 20 days from the date of this order to file and serve a written
7  explanation of why this matter should not be dismissed as moot.
8        2. Failure to comply with this order will result in a recommendation that this
9  action be dismissed as moot.
10 DATED: August 4, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

14 \004
15 \crav1108.0sc moot