1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARK HOWARD CRAVER,

11               Petitioner,              No. CIV S-05-1108 DFL EFB P

12        vs.

13   DIRECTOR OF CORRECTIONS, et al.,

14               Respondents.            FINDINGS AND RECOMMENDATIONS

15   _____/

16        Petitioner is a state prisoner without counsel seeking a writ of habeas corpus.  *See* 28

17   U.S.C. § 2254.  Respondents move to dismiss this action upon the grounds that the court cannot

18   grant relief because petitioner is not in custody for purposes of the habeas statute and that this

19   action is moot.  For the reasons explained below, the court finds that petitioner is in "custody" as

20   that term is construed for purposes of 28 U.S.C. § 2254, but that this action is moot.  Therefore,

21   the action must be dismissed.

22        On June 3, 2005, petitioner filed a petition for a writ of habeas corpus.  At the time, he

23   was confined at California State Prison - Solano.  In the petition, he alleges that he entered a plea

24   of guilty to charges of assault by means of force likely to produce great bodily injury.  *See* Cal.

25   Penal Code § 245(a)(1).  He was convicted, and his sentence was enhanced based upon his

26   membership in a criminal street gang.  *See* Cal. Penal Code § 186.22(b).  As grounds for relief,

1   he alleges that the California Department of Corrections erroneously determined that he fell into

2   a class of violent felony offenders, the result of which was that his classification limited the

3   amount of credits he could earn toward early release.  Petitioner alleges that this violated the plea

4   agreement and extended his time of actual imprisonment.

5   **A.  Custody Requirement of 28 U.S.C. § 2254(a)**

6          Respondents assert that petitioner is not in custody because he is on parole.  Section

7   2254(a) of Title 28 of the United States Code authorizes federal courts to grant habeas corpus

8   relief to a person under the judgment of a state court only if that person is in custody in

9   accordance with the judgment.  Long ago, the Supreme Court noted that, "[h]istory, usage and

10  precedent leave no doubt that, besides physical imprisonment, there are other restraints on a

11  man's liberty, restraints not shared by the public generally, which have been thought sufficient in

12  the English-speaking world to support the issuance of habeas corpus."  *Jones v. Cunningham*,

13  371 U.S. 236, 240 (1963).  Parole is one such restraint.  *Jones*, 371 U.S. at 243; *Goldyn v. Hayes*,

14  444 F.3d 1062, 1063, fn. 2 (9th Cir. 2006).  Petitioner was in prison when he filed his petition,

15  but he since has been released on parole, which means he is subject to a host of restrictions not

16  generally shared by the public.  *See Jones*, 371 U.S. at 242-43.  Therefore, the court finds that

17  petitioner is in custody for purposes of 28 U.S.C. § 2254.

18  **B.  Mootness**

19         Respondents next contend that petitioner's release to parole moots this action because the

20  alleged constitutional violation affects only petitioner's ability to earn credits while in prison.

21  Petitioner asserts that he could be re-incarcerated for violating parole and that the classification

22  affects his level of restraint on parole.

23         Federal courts have jurisdiction to hear cases and controversies.  U.S. Const. art. III, § 2.

24  The issues must remain live throughout all stages of the proceeding.  *Lewis v. Continental Bank*

25  *Corp.*, 494 U.S. 472, 477-78 (1990).  The issues no longer are live if the parties no longer have a

26  legally cognizable interest in the outcome.  *Powell v. McCormack*, 395 U.S. 486, 496  (1969).

1   However, a federal court may hear a moot action if the alleged wrong is capable of repetition yet

2   evading review.  *Spencer v. Kemna*, 523 U.S. 1, 17  (1998).  This exception is satisfied by

3   showing (1) the challenged action is of such short duration that it cannot be fully litigated before

4   cessation; and (2) there is a reasonable expectation that the same complaining party will be

5   subject to the same action again.  *Id.* at 17.

6        Petitioner's assertion that he could be reimprisoned and subjected to the same restriction

7   on earning work-credits is a thin reed upon which to base an actual case or controversy.  A

8   matter falls within the capable of repetition yet evading review exception if there is "a

9   reasonable expectation that the same complaining party would be subjected to the same action

10  again."  *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975).  The complaining party has the burden

11  of demonstrating a real probability, as opposed to a speculative possibility, that he will be

12  subjected to the harm again.  *Bradford*, 423 U.S. at 149.  The Ninth Circuit has not addressed in

13  a published opinion the question of whether the possibility of re-incarceration for violating

14  parole satisfies the exception, but the Eleventh Circuit has, holding that the possibility that a

15  parolee will violate parole is a "potential controversy [that] is too speculative for adjudication.

16  *See United States ex rel. Graham v. U.S. Parole Com'n*, 732 F.2d 849, 850 (11th Cir. 1984).  In

17  the context of standing to sue, the United States Supreme Court has held that mere possibility of

18  future arrest and prosecution, unsupported by factual allegations, is insufficient to establish an

19  actual case or controversy.  *See O'Shea v. Littleton*, 414 U.S. 488, 497-99 (1974).  Petitioner

20  does not allege any facts showing a probability that he will be reincarcerated for violating his

21  parole. Furthermore, whether petitioner obeys the restrictions imposed upon him are within his

22  control.  Therefore, petitioner's argument fails.

23        Petitioner's argument that the case remains live because the alleged constitutional

24  violation affects his level of restraint fails for the simple reason that the level of restraint is a

25  condition of his confinement that the court cannot address on habeas corpus.  *Preiser v.*

26  *Rodriguez*, 411 U.S. 475, 484, 489, 500 (1973) (habeas corpus is the remedy for unconstitutional

fact or duration confinement and 42 U.S.C. § 1983 is the remedy for unconstitutional conditions of confinement).  Even if the court were to find that petitioner's rights were violated, the only remedy the court could grant under 28 U.S.C. § 2254 would be release from the present restraint, i.e., parole.  Altering the level of restraint does nothing to accelerate petitioner's release.  Since the relief petitioner seeks as a result of this argument is not available on habeas, the argument is of no assistance to petitioner in opposing respondents' motion.

Accordingly, it is hereby RECOMMENDED that respondent's March 10, 2006, motion to dismiss be granted and that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 17, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4